Maureen R. KALLINS, Petitioner— Appellant,

v.

SUPERIOR COURT OF CALIFORNIA, Respondent—Appellee.

Maureen R. Kallins, Petitioner— Appellee,

v.

Superior Court of California, Respondent—Appellant.

No. 02–15862, 02–15928.

D.C. No. CV–00–03938–TEH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 10, 2003.

Decided July 24, 2003.

Before GRABER, WARDLAW, and CLIFTON, Circuit Judges.

## MEMORANDUM *

Maureen Kallins petitioned under 28 U.S.C. § 2254 for relief from four contempt sanctions that she received while serving as defense counsel for accused rapist Anthony Reed in California Superior Court. Kallins was summarily denied relief by the state appellate courts. The federal district court denied habeas relief with respect to the first, second, and fourth contempt findings, but granted relief on the third finding.

Because Kallins's petition was filed after April 24, 1996, it is governed by the Antiterrorism and Effective Death Penalty Act of 1996. *See Powell v. Galaza*, 328 F.3d 558, 562 (9th Cir.2003). Reviewing de novo the district court's denial of § 2254 relief, *id.*, we reject Kallins's argument that the state court proceedings "resulted in a decision that ... involved an unreasonable application of[ ] clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *see Lockyer v. Andrade*, 538 U.S. 63, 123 S.Ct. 1166, 1174–75, 155 L.Ed.2d 144 (2003) (explaining that standard).

---

* This disposition is not appropriate for publication and may not be cited to or by the courts

## I. THE CONTEMPT FINDINGS

### A. The First Contempt Finding

■ Judge Horner did not apply Supreme Court law unreasonably by finding Kallins in summary contempt for her conduct at a hearing outside the jury's presence on December 6, 1999. The transcript supports Judge Horner's findings that Kallins "attacked the fairness of the court proceedings, attacked the integrity, fairness and impartiality of the Court, accused the Court of improperly favoring the prosecutor, [and] made derogatory comments about her opponent, the prosecutor."

Given the litany of disrespectful comments and the volume at which they were delivered (all in violation of the court's instructions), it was not objectively unreasonable for Judge Horner to conclude that Kallins had engaged in "disruptive conduct in the course of trial and in knowing violation of a clear and specific direction from the trial judge" so as to warrant summary contempt. *Pounders v. Watson*, 521 U.S. 982, 991, 117 S.Ct. 2359, 138 L.Ed.2d 976 (1997) (per curiam). That the conduct occurred outside the jury's presence is of no consequence. Federal law requires only that there be

> charges of misconduct, in open court, in the presence of the judge, which disturbs the court's business, where all of the essential elements of the misconduct are under the eye of the court, are actually observed by the court, and where immediate punishment is essential to prevent demoralization of the court's authority before the public.

*Id.* at 988, 117 S.Ct. 2359 (internal quotation marks and citations omitted). It was not objectively unreasonable for Judge Horner to conclude that those requirements were met. We therefore affirm the

of this circuit except as provided by Ninth Circuit Rule 36–3.

denial of habeas relief with respect to the first contempt finding.

### B. The Second Contempt Finding

■ The second contempt finding, which was based on four acts Kallins committed on December 14 and 16, 1999, was not an objectively unreasonable application of federal law. Repeatedly asking a witness an objectionable question after having been instructed by the court not to (the first act); making an arguably prejudicial statement regarding courtroom positioning after the court had attempted to resolve the matter outside the jury's presence, and after having been warned shortly beforehand not to violate court rules (the second act); and addressing the court in an insolent manner and tone in front of the jury (the third and fourth acts) reasonably could be perceived as constituting disruptive conduct justifying summary contempt. We therefore affirm the denial of the petition with respect to the second contempt finding.

### C. The Third Contempt Finding

■ Respondent cross-appeals the district court's grant of habeas relief regarding the third contempt finding. That finding arose from Kallins's reference to the subject of punishment during closing argument, in violation of the court's instructions. The contempt finding was not an objectively unreasonable application of Supreme Court law. As in *Pounders,* "the state trial court made an express finding that [counsel] willfully refused to comply with the court's order." 521 U.S. at 989, 117 S.Ct. 2359. That it was Kallins's first reference to punishment is of no consequence. *Pounders* rejected "a requirement that a contemnor engage in a pattern of repeated violations that pervaded the courtroom before she may be held in summary contempt." *Id.* (internal quotation marks and citation omitted).

■ Moreover, the state court expressly found that Kallins's statement had prejudiced the jury. Contrary to the district court's conclusion, the presumption of correctness due this finding was not overcome by clear and convincing evidence, as required by 28 U.S.C. § 2254(e)(1). Judge Horner was in the best position to evaluate the potential effect on the jury of mentioning punishment. That the jury might have inferred that Reed would go to prison if convicted did not constitute clear and convincing evidence that no possible prejudice could have occurred from an express reminder of that fact. Accordingly, we reverse the district court and deny the petition with respect to the third contempt finding.

### D. The Fourth Contempt Finding

■ We affirm the denial of relief on the fourth contempt finding. Like the third finding, it involved intentional references to punishment during closing argument, in violation of the court's instructions. In fact, it was even more egregious because it came after the third finding and the court's accompanying additional warnings.

## II. DUE PROCESS

■ Judge Horner did not violate Kallins's due process rights by allegedly failing to provide adequate notice and hearings. "[T]he contemnor [need only] be given *'reasonable'* notice of the specific charges and opportunity to be heard in his own behalf.'" *Little v. Kern County Superior Court,* 294 F.3d 1075, 1080 (9th Cir.2002)(quoting *Taylor v. Hayes,* 418 U.S. 488, 500 n. 9, 94 S.Ct. 2697, 41 L.Ed.2d 897 (1974)). "[N]otice of the contempt charges and of the contempt hearing must be explicit in order to conform to the requirements of due process." *Id.* at

1081. The record shows that Kallins had reasonable and explicit notice of all the charges against her and was given adequate opportunities to respond, opportunities of which she took advantage by explaining and defending her acts in detail.

### III. ADJUDICATION OF THE CONTEMPT FINDINGS

 A different judge was not required to adjudicate the contempt proceedings. The record reflects no "intermittently continuous wrangle on an unedifying level" between Judge Horner and Kallins. *Offutt v. United States,* 348 U.S. 11, 17, 75 S.Ct. 11, 99 L.Ed. 11 (1954). On the contrary, the record shows that Judge Horner refrained from engaging in personal attacks on Kallins and refrained from raising his voice despite her outrageous conduct. Therefore, it was not objectively unreasonable for Judge Horner to conclude that he had not become personally embroiled so as to require recusal.

Nor were there sufficient personal attacks on Judge Horner to require recusal. There was no personal attack involved in the second, third, or fourth contempt finding. The closest statements to personal attacks in the first contempt finding were Kallins's insinuations that Judge Horner and the prosecutor were colluding, and her indirect reference to sexism. But these suggestions fell far short of the personal attacks previously held to require recusal. *Cf. Mayberry v. Pennsylvania,* 400 U.S. 455, 456–58, 91 S.Ct. 499, 27 L.Ed.2d 532 (1971); *Cooke v. United States,* 267 U.S. 517, 534, 45 S.Ct. 390, 69 L.Ed. 767 (1925); *Little,* 294 F.3d at 1082. It was not objectively unreasonable for Judge Horner to conclude that Kallins had provided "disruptive, recalcitrant and disagreeable commentary, but hardly an insulting attack

upon the integrity of the judge carrying such potential for bias as to require disqualification." *Ungar v. Sarafite,* 376 U.S. 575, 584, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964).

In sum, the record shows neither personal embroilment nor sufficient personal attacks to require recusal. Nor does the record reflect any appearance of bias requiring recusal. *See Little,* 294 F.3d at 1083. Again, there was no objectively unreasonable application of federal law.

AFFIRMED in part and REVERSED in part; Costs awarded to Respondent.